Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES BLAES, Appellant, for Compensation under the Workmen's Compensation Law, v. E. W. BLISS COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Respondents.

Third Department, March 7, 1917.

Workmen's Compensation Law — when findings of Commission not reviewable — "previous disability" as used in subdivision 6 of section 15.

Where no exception has been taken by either the employer or insurance carrier to a finding by the Commission as to the injury sustained by the claimant, resulting in the loss of eighty per cent of the vision of his left eye, and as to the award made, and the insurance carrier agreed at the hearing to make payment of the award, the correctness of the award is not before the court for review.

Where the testimony as to the cause of blindness in the right eye was conflicting and disproved the existence of any condition disabling the claimant from working prior to the time of receiving the injuries complained of, the question whether the expression "previous disability," as used in subdivision 6 of section 15 of the Workmen's Compensation Law, is limited to the result of injuries sustained in a hazardous employment, is not before the court.

APPEAL by the claimant, Charles Blaes, from an award of the State Industrial Commission, made on the 26th day of May, 1916.

*Edgar F. Hazleton* [*Jerome R. McDougal* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*Robert W. Bonynge,* counsel to Commission], for the State Industrial Commission.

*James D. Henney* [*William H. Foster* of counsel], for the insurance carrier.

LYON, J.:

The claimant was employed in a machinery manufacturing establishment in the city of New York. In October, 1915, while grinding a steel tool upon an emery wheel, particles of emery were thrown into his eyes, which were diseased. Soon

thereafter he became entirely blind in his right eye, and had remaining only twenty per cent of vision in his left eye. The State Industrial Commission found that the loss of eighty per cent of the vision of the left eye was due to its previous defective condition having been aggravated by the accident, and made an award of 128 weeks for partial permanent disability. To this finding no exception was taken by either the employer or insurance carrier. In fact, the latter agreed at the hearing to make payments therefor in one lump sum without discount. The correctness of this portion of the award is, therefore, not before us for review.

As to the cause of blindness of the right eye the testimony was conflicting. The eye specialist agreed upon by both parties to examine the eye testified that its blindness resulted from optic atrophy. The Commission found that the blindness was not due to injury resulting from particles of emery being thrown into the eye, but was due to changes in the background of the eye, disassociated with such accident. The claimant contends that, conceding this finding to be conclusive as matter of fact, the Commission erred as matter of law in refusing to make an award for total permanent disability. This contention is based upon the claim that the expression " previous disability " contained in subdivision 6 of section 15 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1915, chap. 615) applies only to injuries arising out of and in the course of a hazardous employment, and not to such disability as may be the result of disease. Under this construction of the statute the claimant contends that blindness of the right eye having resulted from optic atrophy and not from accidental injuries arising out of a hazardous employment, was not a " previous disability " within the meaning of section 15, and hence that the award should not have been limited on account of it, but should have been made with reference to the last injury only, to wit, the injury to the left eye, which of itself, the claimant contends, in view of the existing blindness of the right eye, permanently totally disabled claimant.

The argument in support of this contention wholly disregards the fact that the evidence disproves the existence of any condi-

tion disabling the claimant from working prior to the time of receiving the injuries complained of. While it appears from the evidence that the claimant's eyes had been diseased for some time before the accident, such condition does not seem to have in any way disabled him, nor even to have been such as to make him aware of its existence, as he testified that prior to the time of receiving those injuries he had never had any trouble with his eyes. The question, therefore, whether the expression "previous disability" is limited to the result of injuries sustained in a hazardous employment is not before us upon this appeal.

The determination of the State Industrial Commission should be affirmed.

Determination unanimously affirmed.